IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYREE LOCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 23-836-CFC |
| | ) |
| CPL. MOTE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Tyree Lockett, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro se* Plaintiff

Sehr Rana and Kenneth Lee-Kay Wan, DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Defendants Cpl. Mote, Sgt. Clark, Sgt. Slayton, and Lt. Ngdou

**MEMORANDUM OPINION**

October 28, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On August 3, 2023, *pro se* Plaintiff Tyree Lockett, who is serving a sentence for a state criminal conviction at James T. Vaughn Correctional Center (JTVCC), in Smyrna, Delaware, initiated this civil action by filing a complaint alleging civil rights violations at JTVCC, pursuant to 42 U.S.C. § 1983. (D.I. 3.) The amended complaint, alleging civil rights claims and contract claims, is now the operative pleading. (D.I. 35.) Now pending before the Court is a motion to dismiss the contract claims included in the complaint filed by counsel for Delaware Department of Correction (DDOC) Defendants. (D.I. 38.) This Court will grant Defendants' motion to dismiss contract claims. A scheduling order will follow.

## I.  BACKGROUND

As to Plaintiff's contract claims, the amended complaint solely states the following:

> Plaintiff makes a contract claim as a beneficiary to the contract between the State of Delaware and the Federal Government. [*Blair v. Anderson*, 325 A.2d 94 (Del. 1974),] "overview[s]" [a] federal prisoner's claim against the State for injuries caused by another prisoner[, which] was barred by Sovereign Immunity, but as beneficiary to a contract between the State and Federal governments for his protection[, prisoner] stated a contract claim. The State, by entering into an incarceration contract with the United States, waived any Sovereign Immunity defense. [There was i]mplicit waiver in contract authorization when the General Assembly authorized a contract to be made[. I]t implicitly and necessarily waives immunity to suit for breach by the State of that contract. [*Blair*, 325 A.2d 94.] And prisoner has right to enforce. *A prisoner/plaintiff who was the very subject of a Federal/State incarceration agreement between

1

> governments was the person whom the State contracted to safekeep[. U]nder these circumstances[,] the prisoner has not only a direct interest in the contract[,] but a right to enforce it as against the State if it fails to provide the requisite minimums. [*Blair*, 325 A.2d 94.]

(D.I. 35 at 5-6.)

In response, Defendants assert that Plaintiff has no standing to raise a claim like the plaintiff in *Blair* because Plaintiff is a state prisoner, not a federal prisoner, and that Plaintiff has failed to allege the existence of any contract between Delaware and the federal government that applies to his status as a state prisoner. (D.I. 38 at 2-3.)

## II. DISCUSSION

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

2

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Upon review and consideration, this Court shall dismiss Plaintiff's contract claims with prejudice. First, the amended complaint contains no factual allegations suggesting that Plaintiff is subject to "a Federal/State incarceration agreement."

3

(D.I. 35 at 6.) Absent supporting facts, Plaintiff's contract claims do not amount to more than bald assertions and improperly alleged legal conclusion, which this Court is not required to credit. *See Rockefeller Ctr. Props.*, 311 F.3d at 216. Plaintiff cannot raise a contract claim like that raised by the prisoner plaintiff in *Blair v. Anderson*, 325 A.2d 94 (Del. 1974), because such a claim is exclusive to federal prisoner plaintiffs, and Plaintiff, by his own admission, is a state prisoner. (*See* D.I. 3 at 2.) Absent federal prisoner status, there is no "Federal/State incarceration agreement." As such, amendment is futile.

## III. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' motion to dismiss contract claims. (D.I. 38.)

An appropriate Order will be entered. A scheduling order will follow.